UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| PRISCELLA SAINTAL-BOWMAN, <br><br> Plaintiff, <br><br> v. <br><br> 8TH JUDICIAL DISTRICT COURT, et al., <br><br> Defendants. | Case No. 2:25-cv-01243-CDS-EJY <br><br> **REPORT AND RECOMMENDATION** |

Filed with the Court are Plaintiff's Complaint (ECF No. 1-1) and financial certificate (ECF No. 1-2), but no application to proceed *in forma pauperis* ("IFP"). Plaintiff also did not pay the filing fee to commence a civil action. While the Court would ordinarily provide Plaintiff an opportunity to file a compliant IFP application or pay the filing fee, here, the Complaint seeks relief against immune defendants. For this reason the Court finds extending Plaintiff the opportunity to file an IFP application is unwarranted. This Court recommends this matter be dismissed *sua sponte* and without further notice to Plaintiff as she "cannot possibly win relief." *Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 638 (9th Cir. 1988).[1]

**I.    Screening Standard Applicable to this Case**

When considering a *pro se* plaintiff's civil rights complaint, courts generally are required to identify any cognizable claims and dismiss any claims that are frivolous, malicious, fails to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). *Pro se* pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). However, a federal court must dismiss a claim if the action "is frivolous or malicious[,] fails to state a claim on which relief may be granted[,] or seeks monetary relief against a defendant who is immune from such relief." 28

---

[1] The Court notes it located nine other actions Plaintiff appears to have filed, six of which were summarily dismissed. 2:13-cv-1293 JCM-CWH; 2:13-cv-1084 JCM-PAL; 2:15-cv-2378 GMN-NJK; 2:15-cv-2460 (dismissed on Motion to Dismiss by Defendants); 2:21-cv-1271 GMN-NJK (dismissed by Plaintiff); and 2:25-cv-00369 ART-NJK. Three other cases have proceeded through some litigation. These include 2:11-cv-445 RFB-PAL; 2:13-cv-1295 APG-VCF; and 2:18-cv-1478 APG-DJA.

1

U.S.C. § 1915(e)(2). All or part of a complaint may be dismissed *sua sponte* if the plaintiff's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (e.g., claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (e.g., fantastic or delusional scenarios). *Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989); *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

**II.     Plaintiff's Complaint Asserts Claims Against Immune Defendants**

To the extent Plaintiff's Complaint is decipherable, it appears she alleges various failures by Defendants arising from tasks directly related to or arising from judicial proceedings in the Eighth Judicial District Court. ECF No. 1-1 at 14-17. All claims for relief pertain to alleged actions or failure to act in accordance with rules (presumable the Nevada Rules of Criminal Procedure), and constitutional principles of due process, equal protection, and access to the court. *Id*. 42 U.S.C. § 1983 provides the vehicle for a plaintiff to seek relief under each of the constitutional provisions Plaintiff appears to identify. *See McDay v. Lake Ponderay School Dist.*, Case No. 2:15-cv-00030-REB, 2015 WL 13778740, at *4 (D. Id. Nov. 10, 2015); *Haynes v. City and County of San Francisco*, Case No. C 13-1567 MEJ, 2013 WL 3456932, at *4 (N.D. Cal. July 9, 2013).

Defendant, the Eighth Judicial District Court, is an arm of the State. Nevada has eleven judicial districts making up the state's general jurisdiction courts. These district courts serve Nevada's 17 counties. The 11 Judicial Districts are served by 82 District Court judges who serve their respective counties, but have jurisdiction to serve in any district court in the state. http://nvcourts.gov/supreme/court_information/about_the_nevada_judiciary. Moreover, "the court serves as the trial court for Nevada and is part of the judicial branch of state government as set forth by the Nevada Constitution." http://www.clarkcountycourts.us/general. As an arm of the State of Nevada, the Eighth Judicial District Court is immune from suit under 42 U.S.C. § 1983. *Foley v. Graham*, Case No. 2:16-cv-1871-JAD-VCF, 2016 WL 11185427, at *3 (D. Nev. Sept. 13, 2016).[2]

---

[2] Although Plaintiff does not name any federal judge associated with the U.S. District Court for the District of Nevada as a defendant, Plaintiff's pleading mentions cases she previously filed in this Court, one judge who is a member of the federal bench, and the Federal Rules of Civil Procedure. *Id*. at 11, 15. Federal judges are absolutely immune from civil liability for acts performed in his judicial capacity and, unlike the judicial immunity available to state judges sued under 42 U.S.C. § 1983, a federal judge's immunity is not limited to immunity from damages, but extends to actions for

    Plaintiff's claims against the Eighth Judicial District Court clerks fail as these defendants are also immune from suit. *Mullis*, 828 F.2d at 1390 ("[c]ourt clerks have absolute quasi-judicial immunity from damages for civil rights violations when they perform tasks that are an integral part of the judicial process") *citing Morrison v. Jones*, 607 F.2d 1269, 1273 (9th Cir. 1979) (§ 1983 case), *cert. denied*, 445 U.S. 962 (1980); *Shipp v. Todd*, 568 F.2d 133, 134 (9th Cir. 1978) (same); *Stewart v. Minnick*, 409 F.2d 826 (9th Cir. 1969) (same) (court clerks have absolute quasi-judicial immunity from a § 1983 action for damages when they perform tasks integral to the judicial process).

    For the reasons stated above, the Court recommends dismissal with prejudice of all claims alleged against the Eighth Judicial District Court and the three named court clerks as Plaintiff cannot state claims for relief against these defendants. *Meza v. Lee*, 669 F.Supp. 325, 328 (D. Nev. 1987).

### III. Recommendation

    Based on the foregoing, IT IS HEREBY RECOMMENDED that this matter be dismissed in its entirety and with prejudice as Plaintiff cannot state a claim for relief against a Nevada state court or clerks associated with that court.

    Dated this 14th day of July, 2025.

                                                                                             ELAYNA J. YOUCHAH
                                                                            UNITED STATES MAGISTRATE JUDGE

---

declaratory, injunctive and other equitable relief. *Moore v. Brewster*, 96 F.3d 1240, 1243 (9th Cir. 1996); *Mullis v. U.S. Bankruptcy Court*, 828 F.2d 1385, 1394 (9th Cir. 1987) (applying judicial immunity to actions under *Bivens*), *cert. denied*, 486 U.S. 1040 (1988).

**NOTICE**

Under Local Rule IB 3-2, any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court holds the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). The Ninth Circuit also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).