## UNITED STATES DISTRICT COURT
### DISTRICT OF NEVADA

| | |
|---|---|
| Priscella Saintal-Bowman, | Case No. 2:25-cv-01243-CDS-EJY |
| Plaintiff | **Order Overruling Plaintiff's Objection and Adopting Magistrate Judge's Report and Recommendation** |
| v. | |
| Eighth Judicial District Court, et al., | [ECF Nos. 3, 5] |
| Defendants | |

Plaintiff Priscella Saintal-Bowman brings this civil-rights action against the Eighth Judicial District Court and a handful of its employees. United States Magistrate Judge Elayna Youchah screened Saintal-Bowman's complaint and recommends that I dismiss this matter in its entirety with prejudice because Saintal-Bowman cannot state a claim against a Nevada state court or its clerks. R&R, ECF No. 3. Saintal-Bowman objects to the dismissal of any of her claims. Obj., ECF No. 5. Having conducted a de novo review of the magistrate judge's report and recommendation (R&R), I accept it and dismiss Saintal-Bowman's claims with prejudice.

## I.    Standard of review

Where a party objects to a magistrate judge's findings and recommendations, the court "shall make a de novo determination of those portions of the report which objection is made." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003); *see also* Local Rule IB 3-2(b). A district judge "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). The standard of review applied to the unobjected-to portions of the report and recommendation is left to the district judge's discretion. *Reyna-Tapia*, 328 F.3d at 1121 (stating that a "district judge must review the magistrate judge's findings and recommendations *de novo if objection is made*, but not otherwise") (emphasis in original).

## II.    Discussion

The magistrate judge recommends that I dismiss with prejudice all claims alleged against the Eighth Judicial District Court and the three court clerks because they are all immune from suit. ECF No. 3 at 2–3. The magistrate judge reasoned that, as an arm of the state, the Eighth Judicial District Court is immune from suit under 42 U.S.C. § 1983; and, that court clerks have absolute quasi-judicial immunity from a § 1983 action for damages when they perform tasks integral to the judicial process. *Id.* Saintal-Bowman objects, arguing that the "magistrate erroneously claims absolute immunity to those who sit on benches or stand behind the counters of the courts violating rights and rules…" ECF No. 5 at 2. She further contends that the clerks are governed by Nevada and federal rules of court that are clearly established and that they have failed to perform the obligatory duties assigned to them *Id.* at 7.

I agree with the magistrate judge's recommendation that Saintal-Bowman's claims against these defendants must be dismissed with prejudice on immunity grounds. Contrary to Saintal-Bowman's argument, Judge Youchah has not committed a mistake or misapplied the law. Any claim brought under § 1983 must be brought against "persons" acting under color of state law. 42 U.S.C. § 1983. As such, the Eighth Judicial District Court is not a "person" subject to a section 1983 claim and is immune under the Eleventh Amendment. Further, it is well established that state court judges and state court clerks are immune from suit for actions taken in their official capacity. *Whole Woman's Health v. Jackson*, 595 U.S. 30, 39 (2021); *see also Simmons v. Sacramento Cty. Superior Court*, 318 F.3d 1156, 1161 (9th Cir. 2003) ("Plaintiff cannot state a claim against the Sacramento County Superior Court (or its employees), because such suits are barred by the Eleventh Amendment."). This includes court clerks, who "have absolute quasi-judicial immunity from damages for civil rights violations when they perform tasks that are an integral part of the judicial process." *Mullis v. U.S. Bankr. Court for Dist. of Nev.*, 828 F.2d 1385, 1390 (9th Cir. 1987). Here, even if the defendants refused to file Saintal-Bowman's documents, the decision to accept and file documents is a basic and integral part of the judicial process. The complaint

makes no allegation that the defendants acted outside of their role as court clerks therefore the defendants are immune from suit as a matter of law and cannot be sued under 42 U.S.C. § 1983. As all the defendants are clearly immune from suit for their alleged acts, amendment would be futile. *Lopez v. Smith*, 203 F.3d 1122, 1127–29 (9th Cir. 2000) (dismissal with leave to amend is appropriate "unless [the court] determines that the pleading could not possible be cured by the allegation of other facts"). Because I find no merit to Saintal-Bowman's objection, and I find that there is no clear error on the face of the record, I accept the magistrate judge's recommendation in its entirety.

III.    **Conclusion**

IT IS HEREBY ORDERED that the magistrate judge's report and recommendation [ECF No. 3] is accepted and adopted in full, and this case is **dismissed with prejudice**.

The Clerk of Court is kindly directed to enter judgment accordingly, and to close this case. No other documents may be filed in this now-closed case.

Dated: August 4, 2025

_____
Cristina D. Silva
United States District Judge